# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2021

Lyle W. Cayce
Clerk

No. 21-50517
CONSOLIDATED WITH
No. 21-50540
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VIRGILIO AMAYA-MARTINEZ,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-33-1
USDC No. 4:21-CR-59-1

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Virgilio Amaya-Martinez's appeal of the sentence imposed following his guilty plea conviction for illegal reentry has been consolidated with his appeal of a separate judgment revoking the supervised release imposed in an earlier case. Because his appellate brief does not address the validity of the revocation or the revocation sentence, Amaya-Martinez has abandoned any challenge to the revocation judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Regarding his illegal reentry sentence, Amaya-Martinez argues for the first time on appeal that the enhancement of the sentence pursuant to 8 U.S.C. § 1326(b)(1) is unconstitutional because the fact of his prior conviction was not charged in his indictment or proved to a jury beyond a reasonable doubt. He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve the issue for further review. The Government has moved for summary affirmance or, in the alternative, for an extension of time to file a brief.

In *Almendarez-Torres*, 523 U.S. at 226-28, 235, the Court held that, for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt. We have concluded that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*. *See, e.g., United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Accordingly, Amaya-Martinez's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50517
c/w No. 21-50540

concession of foreclosure is correct, and summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgments of the district court are AFFIRMED.